**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FELICIA SMITH, individually and
personal representative of the estate
of Thomas Tyrone Smith; THOMAS
T. SMITH, JR., by his mother and
next friend Felicia Smith; TENISHA
L. SMITH, by her mother and next
friend Felicia Smith,
Plaintiffs-Appellants,

v.

No. 96-2644

PRINCE GEORGE'S COUNTY,
MARYLAND; SAMUEL F. SAXTON,
Director of Prince George's County
Detention Center, in his individual
and official capacity; DOCTOR
BHOJRAJ, in his individual and
official capacity; CORRECTIONAL
MEDICAL SERVICES, INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-95-3575-CCB)

Argued: March 4, 1998

Decided: July 9, 1998

Before MURNAGHAN, ERVIN, and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Paris Authre Artis, Hyattsville, Maryland, for Appellants.
Gertrude Catherine Bartel, KRAMON & GRAHAM, P.A., Baltimore,
Maryland; Jay Heyward Creech, THE PRINCE GEORGE'S
COUNTY GOVERNMENT OFFICE OF LAW, Upper Marlboro,
Maryland, for Appellees. **ON BRIEF:** Franklin D. Henderson, Upper
Marlboro, Maryland, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The event which precipitated the filing of this case was the sad and
untimely death of Thomas T. Smith while a pre-trial detainee at
Prince George's County Detention Center ("PGCDC") in September
1993. Mr. Smith's survivors, Felicia Smith, individually and as per-
sonal representative of Mr. Smith's estate, and his two children,
brought an action against Dr. Rajkumar Bhojraj, Correctional Medical
Services, Inc. ("CMS"), Prince George's County, and Samuel F. Sax-
ton, Director of Prince George's County Department of Corrections,
alleging civil rights violations under 42 U.S.C.§ 1983 and various
state tort claims. The district court granted summary judgment for the
defendants on all counts, from which the plaintiffs now appeal. We
affirm.

While in custody at PGCDC, decedent Thomas T. Smith com-
plained of a sore throat, headache, and fever. Dr. Rajkumar Bhojraj,
an employee of defendant CMS, which was under contract to provide
medical care to PGCDC inmates, examined Mr. Smith on September

2

5, 1993 and diagnosed him as suffering from an upper respiratory infection. Dr. Bhojraj prescribed antibiotics and sinus medication for Mr. Smith and when the doctor examined him on the following day, Mr. Smith indicated that he felt a little better. Dr. Bhojraj then ordered Mr. Smith to be returned to him for a follow-up visit on September 18 but, for reasons that remain unclear,* this was not done and Mr. Smith received no further medical care.

On September 26, a PGCDC officer noticed that Mr. Smith was sweating and was leaning on his cellmate as they left the television area. Mr. Smith told the officer that he did not feel well and had not eaten in three to four days. The officer then informed the medical unit that Mr. Smith needed prompt medical attention, and was told that the information would be passed on to the next shift. More than nine hours later another officer finally went back to Mr. Smith's cell to check on him. By this time, Mr. Smith was comatose. He was then taken to a hospital where he died early the next morning. An autopsy revealed that his death was the result of a brain abscess which had ruptured into his ventricular system.

In September 1994, the plaintiffs brought a claim for wrongful death, medical malpractice, negligence, and other torts in Maryland's Health Claims Arbitration Office, as required under Maryland Code Annotated, Courts & Judicial Procedure § 3-2A-04 (1995). Citing the lack of medical testimony to support the plaintiffs' claims, the Health Claims Arbitration panel granted summary judgment to the defendants. The plaintiffs then brought suit, as was their right, in U.S. District Court, alleging the same tort actions and adding a claim for civil rights violations.

_____

*The appointment book used to generate the "sick call" list of inmates to be seen by Dr. Bhojraj is missing for the dates in question. It is therefore impossible to determine whether Mr. Smith was not taken to his September 18 appointment because the staff failed to put him on the sick call list, as the plaintiffs allege, or for some other reason. Because the medical staff's failure to attend to Mr. Smith on September 18 was not the proximate cause of his death, however, the reason behind this missed appointment is not a material fact, and is therefore insufficient to allow the plaintiffs to survive summary judgment.

The district court allowed additional discovery, and the plaintiffs deposed two expert witnesses. Dr. Morris Pulliam, a neurosurgeon, testified in his deposition that if Mr. Smith's brain abscess had been diagnosed at least 72 hours before his death, he probably could have been saved. Dr. Pulliam, however, specifically disclaimed any knowledge of or opinion about the applicable standard of care required under the circumstances and whether anyone had breached that standard. Joint Appendix at 245. A nursing expert, Robert Johnson, R.N., identified several aspects of the nursing care provided to Mr. Smith which he alleged breached the standard of care required. Nowhere in his testimony, however, did Nurse Johnson state that any of these alleged breaches were the proximate cause of Mr. Smith's death.

The defendants moved for summary judgment at the close of discovery, which the district court granted. In its memorandum opinion, the court stated that:

> [T]he plaintiff has failed to present evidence sufficient to submit her medical malpractice claim to a jury, much less her claim that any of the defendants were deliberately indifferent to Mr. Smith's serious medical need in violation of the Fourteenth Amendment to the Constitution. See, e.g., Browning v. Snead, 886 F. Supp. 547, 555 (S.D. W. Va. 1995); see also Johns Hopkins Hospital v. Genda , 255 Md. 616, 622-23, 258 A.2d 595, 599 (1969); Karl v. Davis, 100 Md. App. 42, 51, 639 A.2d 214, 219, cert. denied , 366 Md. 244, 647 A.2d 444 (1994). The plaintiff also has failed to show any personal involvement by Mr. Saxton in Mr. Smith's medical care, or any policy, custom, or practice on the part of the County that violated Mr. Smith's constitutional rights. See Monell v. Department of Social Servs. of New York, 436 U.S. 658, 690-91 (1978); Zepp v. Rehrman, 79 F.3d 381, 385 (4th Cir. 1996); Greensboro Professional Fire Fighters Ass'n v. City of Greensboro, 64 F.3d 962, 964 (4th Cir. 1995).

Finding no error, we affirm on the reasoning of the district court.

AFFIRMED

4